IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME JUNIOR WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>SUPERINTENDENT SALAMON, *et al.*,<br><br>Defendants. | No. 4:21-CV-01746<br><br>(Chief Judge Brann) |

## MEMORANDUM OPINION & ORDER

### MARCH 3, 2023

Plaintiff Jerome Junior Washington has been litigating the instant case since October 2021 but has failed to progress past the pleading stage. This is due, in no small part, to Washington's overly complicated, needlessly verbose, and often indecipherable pleadings. As the Court noted in its September 27, 2022 Memorandum on Defendants' motions to dismiss, Washington's "pleadings are so hopelessly complicated that he included an appendix to attempt to clarify the multitudinous sections of his complaint."[1]

After expending significant judicial time and resources reviewing the sufficiency of Washington's original complaint, the Court determined that Washington failed to state a claim for relief against any of the 14 named

---

[1] Doc. 50 at 2.

Defendants.[2] The Court dismissed Washington's Eighth Amendment claims concerning conditions of confinement and deliberate indifference to serious medical needs without prejudice and dismissed his First Amendment retaliation claim with prejudice.[3] Washington was granted limited leave to amend with regard to his Eighth Amendment claims.[4]

Notably, the Court gave Washington specific instructions regarding amendment and explicitly warned him that failure to comply with those instructions would result in the Court striking his amended pleading.[5] Washington was given the following guidance:

- The amended complaint should be a stand-alone document, complete in itself and without reference to any previous pleading.

- The amended complaint should set forth the claim or claims in *short, concise, and plain statements*, and in sequentially numbered paragraphs.

- Washington need not, and *should not*, include word-for-word recitation of his grievances or of prison regulations or policies, nor should he include legal argument.

- Washington may not include claims (or allegations related to claims) that have been dismissed with prejudice in this Memorandum.

- Washington must name proper defendants and *specify the offending actions taken by a particular defendant*. Washington is admonished that

---

[2] *Id.* at 6-16.
[3] *See* Doc. 51 ¶ 1.
[4] *See* Doc. 50 at 15-16.
[5] *Id.*

> he must comply with Federal Rule of Civil Procedure 20(a)(2) if attempting to join multiple defendants in a single action.[6]

Washington eventually submitted a proposed comprehensive amended complaint that appears to violate nearly all the above guidelines. His amended complaint has somehow *increased* in size, even though one of his claims was dismissed with prejudice and he was given specific pleading directions regarding his two remaining Eighth Amendment claims. Those instructions included that he must adhere to Federal Rule of Civil Procedure 8's requirements of providing "a short and plain statement of the claim" showing entitlement to relief and that "[e]ach allegation must be simple, concise, and direct."[7] Washington's proposed amended complaint now spans 48 single-spaced, handwritten pages—5 more than his original—and contains at least 218 paragraphs.[8]

Although not an exhaustive list, the Court emphasizes the following significant problems with Washington's proposed amended complaint. First, and most importantly, Washington's complaint is anything but "short" and "concise." Rather, it is 48 pages long, contains at least 218 paragraphs, and is even lengthier than his original filing. Second, Washington appears to try to reassert a First

---

[6] *Id.*
[7] FED. R. CIV. P. 8(a)(2), (d)(1).
[8] *See generally* Doc. 67.

Amendment retaliation claim that has been dismissed with prejudice.[9] Third, Washington fails to specify the offending action taken by particular defendants, and instead again tries to level allegations by generally claiming that "defendants" took some sort of collective, unconstitutional action.[10] Fourth, Washington includes legal argument and lengthy, word-for-word recitations of prison regulations or policies despite being expressly instructed not to do so.[11] Fifth, Washington once more attempts to base various Section 1983 claims on perceived violations of DOC policy,[12] which the Court has already admonished does not state a claim for relief.[13]

Finally, and quite strangely, Washington appears to have interpreted "short and plain statement" to mean that he should sever his sentences into multiple fragments rather than simply clarify his complaint to make it more concise and intelligible.[14] Just attempting to read through Washington's proposed amended complaint (let alone trying to make sense of it or organize it in any logical manner) is equal parts confusing, disorienting, overwhelming, and exasperating.

---

[9] *See* Doc. 51 ¶ 1(b); Doc. 67 at 9-11 (due to the excessive length of Washington's proposed amended complaint, the Court will cite to the ECF/CM electronic pagination rather than the paragraph numbers of the amended complaint).
[10] *See, e.g.*, Doc. 67 at 9.
[11] *See, e.g.*, *id.* at 11, 12-13, 14, 15, 32, 33.
[12] *See, e.g.*, *id.* at 26-27.
[13] *See* Doc. 50 at 9-11.
[14] *See, e.g.*, Doc. 67 at 17-19.

"Taken together, Rules 8(a) and 8([d])(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules."[15]  A statement must be plain "to give the adverse party fair notice of the claim asserted so as to enable [the party] to answer and prepare for trial," and must be short to avoid placing "an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage."[16]  As the United States Court of Appeals for the Third Circuit has explained, "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint," especially after the litigant has been given an opportunity "to better tailor [his] pleading."[17]

Washington has been provided with explicit instructions regarding how to remedy his "excessively prolix and overlong" pleadings.  Yet he continues to disregard those instructions, violating this Court's directives and the Federal Rules of Civil Procedure.  Washington—a serial *pro se* civil litigant with dozens of cases filed in the Eastern, Middle, and Western districts of Pennsylvania—should know better by now.  Not only does his overly complicated and excessively verbose

---

[15] *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1217 at 169 (2d ed. 1990)).
[16] *Folk v. Bureau of Prisons*, No. 21-1543, 2021 WL 3521143, at *3 (3d Cir. Aug. 11, 2021) (nonprecedential) (second alteration in original) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).
[17] *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019), *cert. denied*, __ U.S. __, 140 S. Ct. 1611 (2020) (alteration in original).

pleading burden the Court, it also makes it nearly impossible for Defendants to respond to his allegations. Consequently, the Court, as it previously warned, will strike Washington's proposed amended complaint.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Washington's proposed amended complaint (Doc. 67) is **STRICKEN**.

2. Washington will be given one final opportunity to file a comprehensive amended complaint that complies with the Federal Rules of Civil Procedure and this Court's prior Orders.

3. Washington shall have **21 days** from the date of this Order in which to file said amended complaint.

4. If Washington again fails to comply with this Court's orders, this case will proceed on his amended complaint against defendant Dr. Weber only.[18]

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

18  *See* Doc. 58.